IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.              CRIMINAL ACTION NO. 2:14-cr-00115

DAVID N. HERNDON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending is Defendant's Brief on Continued Representation. (ECF 29.) For the reasons discussed herein, the Court finds that Defendant's counsel, John Carr, is not disqualified from continuing to represent Defendant in this case.

### *I. Background*

  This matter relates to a series of unlawful schemes involving bribes, kickbacks, and other financial crimes centered at Mountain Laurel Mining Complex in Sharples, West Virginia ("Mountain Laurel"). From late 2005 to 2014, Defendant owned and operated MAC Mine Service, Inc., which provided contract labor on the Mountain Laurel site. (ECF 11, Ex. B.) Beginning sometime in early 2009, Defendant entered into a scheme whereby Defendant would make unlawful payments to the Mountain Laurel general manager. (*Id.*) The general manager would, in turn, extend Defendant's contract for work at Mountain Laurel. (*Id.*)

  On May 20, 2014, the United States filed an Information against Defendant charging him with engaging in monetary transactions involving property derived from unlawful activity in

1

violation of 18 U.S.C. § 1957. (ECF 1.) Attorney John Carr filed a notice of appearance on behalf of Defendant on June 10, 2014. (ECF 3.) Defendant entered a plea of guilty to the charge contained in the Information on July 18, 2014, (ECF 8), and is currently scheduled to be sentenced by this Court on April 28, 2015, (ECF 36).

Stephen Herndon, Defendant's son, was an employee at Mountain Laurel from approximately 2006 to 2011. (*United States v. Herndon*, 2:14-cr-110, ECF 14, Ex. B.) On May 30, 2014, the United States filed an Information against Stephen Herndon that includes a charge arising out of a different unlawful scheme involving Mountain Laurel. (*Id.*, ECF 1.) Stephen Herndon pled guilty to the charge contained in the Information on July 16, 2014. (*Id.*, ECF 10.) On November 12, 2014, Stephen Herndon's attorney, J. Timothy DiPiero, filed a motion to withdraw as counsel. (*Id.*, ECF 30.) Mr. Carr then filed a notice of attorney appearance on behalf of Stephen Herndon on November 17, 2014. (*Id.*, ECF 31.) Prior to this appearance, Defendant and Stephen Herndon signed conflict waivers regarding Mr. Carr's representation of both individuals. (ECF 33.)

The Court held a hearing on December 8, 2014 to address Mr. DiPiero's motion to withdraw, as well as joint representation issues in Defendant's case and other related actions.[1] (*Id.*, ECF 35.) On December 10, 2014, the Court entered an order directing Defendant to file a brief regarding Mr. Carr's proposed joint representation of Defendant and Stephen Herndon, as well as Mr. Carr's continued representation in this matter. (ECF 27; *see* ECF 28 at 27–28 (discussing the required content of the filings).) Following this hearing, Mr. Carr filed a motion to withdraw as

---

[1] During this hearing, the Court addressed joint-representation issues associated with five cases pending before the Court, each of which include allegations related to financial schemes involving Mountain Laurel. These cases include the following: *United States v. Herndon*, 2:14-cr-110; *United States v. Ellis*, 2:14-cr-111; *United States v. Porter*, 2:14-cr-112; *United States v. Barnette*, 2:14-cr-114; and *United States v. Herndon*, 2:14-cr-115.

counsel for Stephen Herndon on December 16, 2014. (*United States v. Herndon*, 2:14-cr-110, ECF 39.)

Defendant filed his Brief on Continued Representation on December 22, 2014. (ECF 29.) The United States filed its response on January 9, 2015. (ECF 30.) As stated in its brief, the United States does not object to Mr. Carr's continued representation of Defendant because Mr. Carr "has represented that Stephen Herndon did not share any confidences with him as his attorney." (*Id.*)

## II. Discussion

"The right of a defendant to be represented by counsel of his or her choosing is contemplated by the Sixth Amendment." *United States v. Brodnik*, 710 F. Supp. 2d 526, 541 (S.D. W. Va. 2010) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159 (citations omitted). "The District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Id.* at 164.

"An attorney has an actual conflict when he actively represents conflicting interests." *United States v. Hersman*, Criminal Action No. 2:13-cr-00002, 2013 WL 820500, at *3 (S.D. W. Va. Mar. 5, 2013) (citing *United States v. Tatum*, 943 F.2d 370, 375 (1991)). "[A] potential conflict of interest exists if the interests of a defendant *could* place his attorney under inconsistent duties in the future." *Brodnik*, 710 F. Supp. 2d at 541 (citing *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004)).

"The Fourth Circuit has 'rigorously applied' *Wheat's* rationale and noted that *Wheat*

3

'emphasizes the primacy of the court's concern for integrity of the process.'" *Hersman*, 2013 WL 820500, at *4 (citing *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996)). "The evaluation of the facts and circumstances of each case under [the *Wheat* standard] must be left primarily to the informed judgment of the trial court." *Wheat*, 486 U.S. at 164; *see also Williams*, 81 F.3d at 1324 ("[*Wheat*] made plain that . . . the court must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective-assistance grounds if it permits conflict-infected representation of the defendant." (citing *Wheat*, 486 U.S. at 161–64)). The Court holds this broad discretion even if the former client signs a valid waiver of conflicts. *Wheat*, 486 U.S. at 163 ("[T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."); *Brodnik*, 710 F. Supp. 2d at 541 ("[C]ourts have the discretion 'to reject a waiver in order to protect the integrity of the judicial proceedings and the public's interest in ensuring a just verdict.'" (quoting *United States v. Pizzonia*, 415 F. Supp. 2d 168, 177 (E.D.N.Y. 2006))).

In the instant case, Mr. Carr and Stephen Herndon had an attorney-client relationship. (*See, e.g.*, ECF 29 at 1 ("Counsel filed a Notice of Appearance for Stephen Herndon on November 17, 2014.").) However, Defendant represents that no confidences were shared between himself and Stephen Herndon, and that Mr. Carr did not provide any legal advice to Stephen Herndon. (ECF 29.) The Court is not aware of any evidence to the contrary. Additionally, Mr. Carr no longer represents Stephen Herndon, (*United States v. Herndon*, 2:14-cr-110, ECF 41 (providing the

4

Court's January 26, 2015 order granting Mr. Carr's motion to withdraw as counsel for Stephen Herndon)), and there is no evidence in the record that Mr. Carr presently "represents conflicting interests," *Hersman*, 2013 WL 820500, at *3 (citing *Tatum*, 943 F.2d at 375). As such, the Court finds that Mr. Carr does not have any present conflicts in representing Defendant, and that there is no evidence in the record indicating that Mr. Carr's continued representation of Defendant would pose a serious potential for future conflicts.

Absent a present conflict or serious potential for future conflicts, the Court defers to the presumption in favor of permitting Defendant to choose the counsel of his choice—Mr. Carr. *See Wheat*, 486 U.S. at 159 (noting the "presumption in favor of petitioner's counsel of choice").

### III. Conclusion

For the foregoing reasons, the Court **FINDS** that John Carr is not disqualified from continuing to represent Defendant in this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 21, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE